UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY DUCK,

   Plaintiff,

-VS-

CASE NO.: 6:14-CV-94-ORL-36GJK

ANSWER FINANCIAL, INC.

   Defendant

_____/

## COMPLAINT

1.   Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.   Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3.   The alleged violations described in the Complaint occurred in Volusia County, Florida.

## FACTUAL ALLEGATIONS

4.   Plaintiff is a natural person, and citizen of the State of Florida, residing in Volusia County, Florida.

5.   Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6.   Defendant, Answer Financial, is a corporation and a citizen of the State of Delaware with its principal place of business at 15910 Ventura Blvd. Suite 600, Encino, CA 91436.

7.     Defendant called the Plaintiff approximately 10 times, in an attempt to solicit business. (Please See Attached Exhibit A).

8.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by contacting Plaintiff on his cellular telephone without Plaintiff's prior consent.

9.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

10.     Upon answering calls placed by Defendant to his cellular telephone, Plaintiff was immediately placed on hold in order to be connected to a representative.

11.     Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

12.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

13.     Plaintiff has been assigned telephone number (386) 956-2131 for the past ten (10) years.

14.     Plaintiff does not now, nor has he ever, received services from Defendant.

15.     Plaintiff does not now, nor has he ever, entered into a business relationship with Defendant.

16.     Plaintiff his never provided his cellular telephone number to Defendant.

17.     In or about September of 2013, Plaintiff began receiving automated calls to his cellular telephone (386) 956-2131, from Defendant at 386-951-1461, 386-742-4036, 386-742-4021

18.     Plaintiff answered Defendant's telephone call on September 20, 2013, in attempt to speak with the Defendant and end the calls.

19.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

20.     Plaintiff has received approximately 10 calls in total from the Defendant.

21.     Defendant corporate policy and procedures provided no means for the Plaintiff to have his cellular number removed from the call list.

22.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

23.     None of Defendant's, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

24.     Defendant, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

25.     Plaintiff incorporates Paragraphs one (1) through twenty-five (25).

26.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ *Amanda J. Allen*

**Amanda J. Allen, Esquire**
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
aallen@forthepeople.com
*Attorney for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I, Amanda J. Allen, Esquire, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Service of Process on its Registered Agent.

/s/ *Amanda J. Allen*

**Amanda J. Allen, Esquire**
Florida Bar #: 0098228 ✓
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
aallen@forthepeople.com
*Attorney for Plaintiff*

4

# Phone Call Log for (386) 956-2131

|     | Date       | Time     | Number          |
|-----|------------|----------|-----------------|
| 1.  | 09/20/2013 | 06:28 pm | (386) 951-1461  |
| 2.  | 09/20/2013 | 06:49 pm | (386) 951-1461  |
| 3.  | 09/20/2013 | 06:50 pm | (386) 742-4063  |
| 4.  | 09/20/2013 | 06:54 pm | (386) 742-4063  |
| 5.  | 09/20/2013 | 06:59 pm | (386) 742-4041  |
| 6.  | 09/20/2013 | 07:10 pm | (386) 742-4041  |
| 7.  | 09/20/2013 | 07:28 pm | (386) 742-4042  |
| 8.  | 09/21/2013 | 10:19 am | (386) 742-4042  |
| 9.  | 09/23/2013 | 09:51 am | (386) 742-4036  |



EXHIBIT
"A"